**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO GUDINO-BARBOSA, | No. 13-72433 |
| Petitioner, | Agency No. A200-868-454 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Ernesto Gudino-Barbosa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal and his request for a continuance, and denying his motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and motion to remand, and review for substantial evidence findings of fact. *Singh v. Holder*, 638 F.3d 1264, 1268-69, 1274 (9th Cir. 2011); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Gudino-Barbosa failed to establish the requisite ten years of continuous physical presence in the United States, where his testimony indicated that he left the United States sometime between January and May 2000 and returned in October 2000. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (departure in excess of 90 days breaks continuous physical presence).

The agency did not abuse its discretion in denying Gudino-Barbosa's request for a continuance, because he testified that he did not have any documents to show when he visited Mexico, and otherwise failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29 (IJ may grant a continuance for good cause shown); *see Singh*, 638 F.3d at 1274 ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

The BIA did not abuse its discretion in denying Gudino-Barbosa's motion to remand, where he failed to establish the evidence he submitted was previously unavailable and material. *See* 8 C.F.R. § 1003.2(c)(1).

We lack jurisdiction over Gudino-Barbosa's claim that he was denied due process, because he failed to exhaust this claim before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**